IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAINA K. HAGANS,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| vs. | : | **NO. 12-3864** |
| | : | |
| **CAROLYN W. COLVIN,**[1] **Acting** | : | |
| **Commissioner of Social Security,** | : | |
| Defendant | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                                                    June  5, 2014

Currently pending are the defendant's Objections to a Report and Recommendation which recommended that the plaintiff's request for review be granted and that the plaintiff be awarded benefits.  For the following reasons, the Objections are sustained to the extent that this action is remanded to the defendant for further proceedings consistent with this Memorandum.

## I.  BACKGROUND

On February 13, 2007, Shaina K. Hagans filed an application for Supplemental Security Income pursuant to Title XVI of the Social Security Act.  After her application was initially denied by the state agency, Ms. Hagans timely requested a hearing before an Administrative Law Judge.  Following the hearing, the ALJ issued a decision, dated November 28, 2008, which denied Ms. Hagans' claim for benefits.  The Appeals Council denied the request for review of the ALJ's decision on June 24, 2009.  Ms. Hagans

---

[1]  Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Michael J. Astrue as the defendant in this action.

appealed that decision to this court.  Shortly thereafter, the parties jointly moved that the matter be remanded to the Commissioner.  I granted that request on November 5, 2009.

On March 30, 2010, a second hearing was conducted before an ALJ, who took testimony from a vocational expert, a psychiatric medical expert, and Ms. Hagans.  In his decision dated June 25, 2010, the ALJ found that Ms. Hagans' severe impairments included depression, borderline intellectual functioning, and substance abuse.  The ALJ further found that Ms. Hagans had the residual capacity to perform a full range of work at all exertional levels but with non-exertional limitations, i.e., Ms. Hagans would require very short, simple routine and repetitive tasks in a low stress environment with limited social contact.  Finally, the ALJ found that, although Ms. Hagans had no past relevant work, there were jobs that existed in significant numbers in the national economy that Ms. Hagans could still perform given her limitations.  The Appeals Council again denied Ms. Hagans' request for review, thereby making the ALJ's decision the final decision of the Commissioner.  See 20 C.F.R. § 416.1472.  This appeal followed.

## II.  STANDARD OF REVIEW

### A.  Standard for Judicial Review of an ALJ's Decision

It is well-established that judicial review of the Commissioner's decision is limited to determining whether "substantial evidence" supports the decision.  Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000).  "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564-565

(1988)).  When making this determination, a reviewing court may not undertake a *de novo* review of the Commissioner's decision and may not re-weigh the evidence of record.  Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986).  In other words, even if the reviewing court, acting *de novo*, would have decided the case differently, the Commissioner's decision must be affirmed when supported by substantial evidence.  Id. at 1190-91.  The court's scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support her findings of fact.[2]

### B.  Standard of Review of Objections to a Report and Recommendation

Where a party makes a timely and specific objection to a portion of a Report and Recommendation by a United States Magistrate Judge, the district court is obliged to engage in *de novo* review of only those issues raised on objection.  28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In so doing, a court may "accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report.  28 U.S.C. § 636(b)(1).

---

[2] In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis: (1) if the claimant is currently engaged in substantial gainful employment, she will be found not disabled; (2) if the claimant does not suffer from a "severe impairment," she will be found not disabled; (3) if a severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last continually for at least twelve months, then the claimant will be found disabled; (4) if the severe impairment does not meet prong (3), the Commissioner considers the claimant's residual functional capacity to determine whether she can perform work she has done in the past despite the severe impairment - if she can, she will be found not disabled; and (5) if the claimant cannot perform her past work, the Commissioner will consider the claimant's RFC, age, education, and past work experience to determine whether she can perform other work which exists in the national economy.  Schaudeck v. Commissioner of SSA, 181 F.3d 429, 431-432 (3d Cir. 1999).

## III. DISCUSSION

In her appeal, Ms. Hagans' only contention is that the ALJ erred at Step Three of the sequential analysis in failing to find that Ms. Hagans was disabled under Listing 12.05 for mental retardation.[3]  She argues that substantial evidence does not support the ALJ's conclusion that there was no evidence of significant deficit in adaptive functioning during the developmental period.  In her Report and Recommendation, the Magistrate Judge concurred and recommended that Ms. Hagans' request for review be granted, and that she be awarded benefits.  The Commissioner objected to this conclusion, and argues that the ALJ's finding that Ms. Hagans did not demonstrate significant adaptive-functioning deficits before age 22 is supported by substantial evidence.

This case has an extensive procedural history.  In early 2007, Ms. Hagans applied for SSI.  After being denied, she requested a hearing before an ALJ.  The hearing was scheduled for September 8, 2008, but Ms. Hagans did not attend.  The hearing was re-

---

[3]  Under the mental retardation listing, a plaintiff must first establish that her impairment satisfies the "diagnostic description for mental retardation." See 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.00(A).  The introductory paragraph of the listing defines mental retardation as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, i.e., before age 22." Id. at § 12.05.  Even if a claimant shows that her impairment satisfies the diagnostic description, she must also prove that she meets one of the four sets of criteria listed in § 12.05(A-D).  Here, Ms. Hagans challenges only the ALJ's finding with respect to paragraph C.  A claimant seeking to establish that she is disabled under Listing 12.05(C) must satisfy two elements in addition to the diagnostic definition:  (1) the claimant must provide a valid verbal, performance, or full-scale IQ in the 60 through 70 range; and (2) the claimant must satisfy her burden that she has an additional physical or mental impairment that imposes a "significant work-related limitation of function." See 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.05(C).  Thus, to meet the mental-retardation listing, Ms. Hagans must establish that she meets the diagnostic definition and both prongs of § 12.05(C).  Where the claimant "failed to prove an onset of 'deficits in adaptive functioning' prior to age 22, her satisfaction of the two specific requirements of Listing 12.05(C) . . . is irrelevant." Gist v. Barnhart, 67 F.App'x 78, 82 n.2 (3d Cir. 2003).

scheduled for November 15, 2008, and although a non-attorney representative was present on her behalf this time, Ms. Hagans failed to appear a second time. The ALJ determined that Ms. Hagans' testimony was non-essential and proceeded with the hearing. On November 28, 2008, the ALJ denied Ms. Hagans' application for benefits. The Appeals Council affirmed the ALJ's decision on June 24, 2009. Ms. Hagans brought an appeal of that denial to this court. Shortly thereafter, the defendant filed an unopposed motion to remand the action to the Commissioner for further administrative proceedings. I granted that motion.

In its Order dated November 19, 2009, the Appeals Council vacated the final decision of the Commissioner and remanded the case to the ALJ for resolution of the following issue:[4]

> Under Finding #3, the claimant's borderline intellectual functioning was not found to meet the criteria of section 12.05 relating to mental retardation. The medical evidence of record documents that the claimant was first diagnosed as mentally retarded in 1983 when she was eight years old and again was diagnosed as mentally retarded by a psychologist in 1985, during the developmental period. The Administrative Law Judge rejected these findings, stating that there was "insufficient evidence of significant deficits in adaptive functioning during the developmental period." The Administrative Law Judge, however, does not reconcile this finding with the fact that mental retardation would not be diagnosed in an individual with an IQ lower than 70 if there are no

---

[4] The Appeals Council was also concerned that the ALJ had deemed the testimony of Ms. Hagans non-essential and rendered a decision based on the evidence of record. The claimant, however, had not waived her right to a hearing. Accordingly, the Appeals Council instructed the ALJ to allow Ms. Hagans an opportunity to appear at another hearing or obtain a valid written waiver, if she did not wish to appear at a hearing. See Document #7-10 at 18-19. This issue is not part of the appeal because Ms. Hagans was present and testified at the most recent hearing.

> significant deficits or impairments in adaptive functioning. Further evaluation with the assistance of a medical expert is needed to address the conflict between the Administrative Law Judge's findings and the diagnoses of mental retardation *made in the developmental period*.

See Document # 7-10 at 19 (emphasis added). Accordingly, the Appeals Council instructed the ALJ as follows: "Upon remand, the Administrative Law Judge will:

> Obtain evidence from a medical expert to clarify the nature and severity of the claimant's impairment *in the developmental period* and whether the claimant's impairment meets or equals the severity of an impairment listed in Appendix 1, Subpart P, Regulations No. 4."

Id. (emphasis added).

A careful review of the testimony of the medical expert reveals that of the several questions posed to him by the ALJ, none of them were framed to elicit information responsive to the Appeals Council's instruction to seek "the assistance of a medical expert" "to address the conflict between the Administrative Law Judge's findings and the diagnoses of mental retardation made in the developmental period." Further, the medical expert's testimony dealt only with the present status of Ms. Hagans' impairment with no insight into its impact on her development before the age of 22. (Tr. 310-316). This information is vital for the Commissioner to determine whether Ms. Hagans has established that her impairment satisfies the "diagnostic description for mental retardation," i.e., "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, i.e., before age 22."

In conclusion, the Appeals Council charged the ALJ with the task of obtaining evidence from a medical expert to clarify the nature and severity of Ms. Hagans' impairment in her developmental period and to determine whether her impairment meets or equals the severity of the listed impairment for mental retardation. Because the ALJ seemed to misunderstand this task and the subsequent testimony of the medical expert was thus unresponsive to it, I must find that substantial evidence does not support the ALJ's finding that there was insufficient evidence of significant deficits in adaptive functioning during Ms. Hagans' developmental period. Accordingly, I will remand this action yet again for further proceedings consistent with this Memorandum.

An appropriate Order follows.